MILLER, Judge.
Plaintiff filed suit against five of his brothers and sisters to compel them to re-transfer certain properties to him. The trial court gave judgment to plaintiff ordering the retransfer and defendants appealed to this Court.
On March 5, 1963, plaintiff, Howard Delcambre, conveyed by warranty deed to defendants, Verna Delcambre Dubois, Lillie Delcambre Pullin, Louella Delcambre Bourque, Loyce Delcambre and Harold Delcambre, certain properties which he inherited from his father consisting of a Vi6 interest in 4355 acres of marsh land and four other lots including plaintiff’s home in Delcambre, Louisiana. The recited consideration was $26,384.00, consisting of defendants’ assumption of plaintiff’s mortgage indebtedness of $24,950.00 and a judgment of $931.57. On the same date and by authentic act before the same Notary defendants granted to plaintiff the option to repurchase all of the property described in the sale provided plaintiff pay to defendants, as the repurchase price “all sums of money expended by appearers and paid to him as the purchase price of said property, together with interest and Court costs in connection with the two encumbrances which formed the consideration of said purchase, and also together with all sums of money expended by appearers and paid to other creditors of the said Howard Delcambre, and especially Andrew Romero, d/b/a Andrew Romero Oil Company, New Iberia, Louisiana, in the sum of approximately $28,000.00 plus interest, which have been made necessary in order *250 for appearers to protect a good and merchantable title in and to said properties.” The deed and the option to repurchase show a total price of $54,384.00 represented by the mortgage and two judgments described in the two instruments.
The controversy centers around the validity and interpretation of the sale and the option to repurchase. Simply stated, plaintiff contends the sale is a simulated one and the option to repurchase is merely a counter letter bearing this out, and that the two instruments must be read together to get the whole picture. Defendants say the sale is a valid sale for a real consideration but the option to repurchase is invalid because no time limit was placed on the option.
The trial court, in ordering the retrans-fer to plaintiff found that the initial sale was for the purpose of assisting plaintiff in paying off certain debts against the property, existing because of plaintiff’s poor financial acumen. The trial judge reasoned that the intent of the option “is clear and subject to only one interpretation and that is, that upon the payment of the indebtedness that the property was to be retransferred to plaintiff and that the only thing he would owe was the amount actually expended by the defendants in protecting the properties in question.” The Trial Court then ordered defendants to re-transfer the property upon plaintiff’s paying to defendants the sum of $60,806.76.
At the trial plaintiff attempted to introduce evidence relative to the circumstances surrounding these two instruments and in particular the option to retransfer. Defendants objected to the introduction of parol evidence on the grounds that parol was inadmissible to vary, alter or contradict the written option to retransfer. The trial court sustained the objection and no parol was admitted. However, at the trial plaintiff introduced the pre-trial discovery deposition of Loyce Delcambre, one of the defendants, and defendant introduced the pre-trial discovery deposition of Howard Delcambre, the plaintiff. There was considerable conversation between counsel for both sides and the trial judge regarding parol evidence. There were also off-the-record conversations of which we have no benefit. Although the procedure is confusing to this Court, it would appear that the following occurred: 1) The trial judge ruled parol was not admissible; 2) No oral testimony was presented by either side; 3) Both sides introduced pre-trial discovery depositions which contained parol evidence bearing on the written contracts; and 4) The parol evidence contained in the pretrial depositions was considered by the trial judge in his decision. We find that the trial judge committed error on the question of parol evidence.
It is quite true that parol evidence cannot be admitted “against or beyond” what is contained in a written transfer of immovable property. Civil Code Article 2276. But parol evidence is admissible to show intent when the contract is ambiguous and to show motive for the execution of the contract, on the grounds that parol is admissible to support the validity of the contract but not to destroy it. Collins v. Brunet, 239 La. 402, 118 So.2d 454 (1960).
Justice requires that plaintiff be allowed to introduce parol evidence to show motive and intent in executing these contracts. Likewise, defendants must be given the opportunity to introduce parol evidence to refute plaintiff’s evidence in this regard and also to develop his position concerning the lack of a stipulated time.
Accordingly, the judgment of the trial court is reversed and the cause is remanded for trial in accordance with these views. Costs are pre-termitted pending final disposition of this case.
Reversed and remanded.